# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF BERNALILLO, <br><br> Petitioner, <br><br> v. <br><br> BOK FINANCIAL SECURITIES, INC. f/k/a/ BOSC, INC., and THOMAS WAYNE HAYES, <br><br> Respondents. | No. 1:17-cv-00948-PJK-KBM |

# MEMORANDUM OPINION AND ORDER

THIS MATTER is before the court on a petition and various motions concerning an arbitration award. ECF Nos. 4, 5, 16. Upon consideration thereof, the arbitral award should be confirmed, with the exception of Respondents' request for prejudgment interest calculated at 15% per annum.[1]

---

[1] This case was transferred to the undersigned in March 2019.

## Background

This case arises out of arbitration between Petitioner Board of County Commissioners of the County of Bernalillo ("the County") and Respondents BOSC, Inc. (now known as BOK Financial Securities, Inc.), and its representative, Thomas Wayne Hayes (collectively, "BOSC"). On November 20, 2014, the Director of the New Mexico Securities Division issued a Notice of Contemplated Action to BOSC, alleging BOSC gave unsuitable investment advice and failed to ensure the investments made by the Bernalillo County Treasurer's Office were commensurate with its investment policy. Am. Pet. 3 (ECF No. 4). The County sued BOSC in New Mexico State court the following July. See Burden Aff. 1 ¶ 4 (ECF No. 5-1); Bd. of Cty. Comm'rs of the Cty. of Bernalillo v. BOSC INC, No. D-202-CV-201506106 (N.M. Dist. Ct., Albuquerque Dist. 2015). BOSC removed the case to the United States District Court for the District of New Mexico in September 2015. Notice of Removal, Bd. of Cty. Comm'rs of the Cty. of Bernalillo v. BOSC, Inc., No 1:15-cv-00772-MV-LF (D.N.M. Sept. 1, 2015), ECF No. 1. BOSC then moved to dismiss the case, and, after full briefing by the parties, the County voluntarily dismissed its action without prejudice to pursue its claims in arbitration before the Financial Institutions Regulatory Authority ("FINRA") pursuant to Mr. Hayes's Form U4 Uniform Application for Securities Industry Registration or Transfer.[2] Am. Pet. 4;

---

[2] The arbitration clause in Mr. Hayes's Form U4 provided:

> I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the SROs indicated

Pl.'s Notice of Dismissal, Bd. of Cty. Comm'rs of the Cty. of Bernalillo v. BOSC, Inc., No 1:15-cv-00772-MV-LF (D.N.M. Oct. 19, 2015), ECF No. 22; Statement of Claim and Demand for Arbitration (ECF No. 4-1).  BOSC sued separately in the District of New Mexico to enjoin the FINRA arbitration, claiming the County had waived its right to arbitration when it filed the state lawsuit, but the court disagreed and compelled arbitration.  BOSC, Inc. v. Bd. of Cty. Comm'rs of the Cty. of Bernalillo, No. 15-cv-1042-KG-LF, 2016 WL 7428796 (D.N.M. Feb. 25, 2016), aff'd, 853 F.3d 1165 (10th Cir. 2017).

The County's Statement of Claim and Demand for Arbitration alleged misleading securities sales practices under the New Mexico Uniform Securities Act, unfair or deceptive trade practices under the New Mexico Unfair Practices Act (UPA), breach of fiduciary duty, negligent misrepresentation, breach of contract and implied covenant of good faith and fair dealing, and theories of negligent supervision and respondeat superior, and it demanded costs and attorney's fees.  Statement of Claim and Demand for Arbitration 13–27.  In its answer, BOSC argued the County failed to state a claim upon which relief can be granted, and that the claims were both "fabricated" and "implausible."  Answer 3, 7 (ECF No. 5-6).

---

      in Section 4 (SRO REGISTRATION) as may be amended from time to time and that any arbitration award rendered against me may be entered as a judgment in any court of competent jurisdiction.

Am. Pet. 4.

The arbitration was conducted by a three-member FINRA arbitration panel in an eight-day hearing over the course of one month and "in accordance with the FINRA By-Laws, Rules, and Code of Arbitration Procedure." FINRA Arbitration Submission Agreements (ECF Nos. 4-2, 4-4 & 4-5); Burden Aff. 2 ¶ 7. On the first day of the merits hearing BOSC informed the arbitration panel that "at the end of this case we want our fees, because, we shouldn't be here." 1 Arbitration Tr. 2 (p. 82) (ECF No. 4-6). It reiterated its request at closing argument, citing both to the UPA and to New Mexico common law, which it argued support the payment of attorney's fees by a claimant whose claim is found to be frivolous. 8 Arbitration Tr. 4–5 (pp. 1808–10) (ECF No. 4-6). The County responded:

> [T]he only fee shifting basis available to BOSC is under the Unfair Practices Act and that is only if [--] it is not enough for BOSC to be a prevailing party.
> . . . [T]he fee shifting under UPA on the defense for Respondent's side, you must not only prevail but then the panel would have to go further and find that the claims were groundless.
> The claims can have merit but not succeed, and that is not the same as the claims being groundless. So you have to go that extra step to shift fees to the Respondents under UPA.

Id. at 5 (p. 1811). The County also disagreed that New Mexico common law allowed for fee shifting because it argued its claims were not frivolous, and it objected to the fact that BOSC only requested costs or fees in its closing argument, not its pleading. Id. at 5, 6 (p. 1811–12, 1815).

In response, an arbitrator noted, "I don't think the [FINRA] rules foreclose a recovery of attorney fees and costs if it is not in the initial pleadings." Id. at 6 (p. 1816). The County disagreed, but it was unable to point to an applicable rule supporting its

4

position. Id. at 6 (p. 1816); 8 Arbitration Tr. 3–4 (pp. 1816–17) (ECF No. 5-7). The arbitrator also noted that BOSC had raised the issue of attorney's fees in its opening argument. 8 Arbitration Tr. 4 (p. 1817) (ECF No. 5-7). At the end of the hearing, the County reiterated that fees could not shift because its claims were not frivolous, and it lodged a continuing objection to BOSC's requested costs and fees. 8 Arbitration Tr. 7 (p. 1897–99) (ECF No. 4-6). The arbitration panel issued its award dismissing the County's claims on July 27, 2017, and it awarded BOSC $285,358.89 in attorney's fees and $73,527.60 in costs.[3] Award, FINRA Office of Dispute Resolution 3 (ECF No. 4-7). The panel held that the award of attorney's fees was "pursuant to the authority set forth in New Mexico State Highway and Transportation Department v. Edward Baca, 120 NM 1 (1995) and NMSA 1978 57-12-10C [of the UPA]." Id.

The County commenced the present action in September 2017, seeking vacatur of the award under 9 U.S.C. §§ 10(a)(3)–(4), or alternatively, modification under 9 U.S.C. § 11(b). ECF Nos. 1, 4. Count I of its Amended Petition, ECF No. 4, alleges the arbitration panel exceeded its authority by granting an untimely claim for attorney's fees and costs. Count II alleges the arbitration panel's award of attorney's fees and costs requires modification or correction, and Count III alleges the award violates public policy and deprived the County of a fair hearing. Finally, Count IV alleges the panel disregarded the governing legal standard for fee-shifting.

---

[3] The arbitration panel awarded the County $3,395.16, resulting in a net award of $355,491.33 to BOSC. Award, FINRA Office of Dispute Resolution 3 (ECF No. 4-7).

BOSC filed a Motion to Confirm Arbitration Award, Response to Petition to Partially Vacate Arbitration Award, and Brief in Support Thereof in October 2017. ECF No. 5. The County responded first by filing a Motion for an Order Partially Vacating or Modifying an Arbitration Award of Costs and Attorney Fees, ECF No. 16, then by filing a response to BOSC's motion. ECF No. 18. BOSC filed its reply in November 2017, in which it reasserted its request to affirm the arbitration award with interest calculated at 15% per annum, and it requested additional attorney's fees and costs for this action. ECF No. 22. BOSC also requested reassignment to the Honorable Kenneth J. Gonzales, ECF No. 10, and the County filed a Motion Requesting a Hearing and Oral Argument on its Motion for an Order Partially Vacating or Modifying an Arbitration Award of Costs and Attorney Fees. ECF No. 30.

## Discussion

Federal courts accord "maximum deference" to final arbitral awards. ARW Expl. Corp. v. Aguirre, 45 F.3d 1455, 1462 (10th Cir. 1995). Although courts may vacate or modify arbitral awards, 9 U.S.C. §§ 10–11, the standard of review is "among the narrowest known to the law." Bowen v. Amoco Pipeline Co., 254 F.3d 925, 932 (10th Cir. 2001) (quoting ARW Expl. Corp., 45 F.3d at 1462); see also United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 36 (1987). Accordingly, reversal is warranted only if the record supports the arbitrators acted in "manifest disregard" of the law, meaning "the arbitrators knew the law and explicitly disregarded it." Dominion

Video Satellite, Inc. v. Echostar Satellite L.L.C., 430 F.3d 1269, 1275 (10th Cir. 2005) (quoting ARW Expl. Corp., 45 F.3d at 1463, then Bowen, 254 F.3d at 932).

At issue is whether the arbitration panel acted outside the scope of the parties' arbitration agreement, and thus beyond its own authority, by awarding costs and attorney's fees to BOSC. The County does not dispute the arbitration panel's authority to award attorney's fees or costs. Pet'r's Resp. in Opp'n to Mot. to Confirm 1, 4 (ECF No. 18). Instead, it argues that a request for attorney's fees constitutes a "claim" under the FINRA Code of Arbitration Procedure for Customer Disputes, which BOSC should have included in its pleadings. FINRA Rule 12100(e) defines a claim as "an allegation or request for relief," and FINRA Rule 12100(g) defines a counterclaim as "a claim asserted against a claim by a respondent." Pursuant to FINRA Rule 12303(a)(2), a respondent must respond to a claim by specifying "the relevant facts and available defenses to the statement of claim," including counterclaims. Consequently, by failing to include its request for fees in its written pleadings, the County argues that BOSC forfeited any such right, and that the arbitration panel, which derived its authority from parties' arbitration agreement, could not have ruled on the issue. See Mot. for Order Partially Vacating or Modifying Arbitration Award (ECF No. 16). BOSC contests the County's characterization of its request as a "claim," instead arguing that the fees were a product of its assertion that the County's claims were frivolous, that such assertion put the County on notice of its intention to seek costs and attorney's fees, and that the arbitration panel had the discretion to determine the timeliness of its request. Resp'ts' Reply Supp. Arbitration Award 1–4 (ECF No. 22).

The dispute thus turns on the nature of an award of attorney's fees. The County's argument depends on treating attorney's fees as a legal entitlement, the assertion of which must be formally pled. See Claim, Black's Law Dictionary (10th ed.) (defining a claim as the "assertion of an existing right; any right to payment or to an equitable remedy"). In support of this "prudential legal norm," Pet'r's Mem. Supp. Vacating or Modifying Arbitration Award 15 (ECF No. 17), it cites Fed. R. Civ. P. 54(d)(2), which requires a "claim for attorney's fees" to be made either by motion or in the pleadings if such fees constitute special damages that must be proven at trial. Pet'r's Mem. 15; see also Fed. R. Civ. P. 9(d) (requiring a specific statement claiming an "item of special damage"). It also cites Tenth Circuit precedent supporting its position that a party may be legally entitled to fee shifting if such arrangement is specifically provided by the arbitration agreement. Hollern v. Wachovia Sec., Inc., 458 F.3d 1169, 1174 (10th Cir. 2006). However, as BOSC notes, FINRA's rules do not explicitly address the treatment of attorney's fees in this instance, nor do courts always consider attorney's fees legal entitlements to be formally pled. Resp'ts' Reply 3–4 (noting that although Fed R. Civ. P. 54(d) requires parties to move for a "claim for attorney's fees," such claim can be made after the entry of judgment).

The County is correct to argue that attorney's fees are susceptible to treatment as legal entitlements. However, inherent in the arbitration panel's award was its rejection of such a formulation in this case. Although it did not provide an explanation of its decision, it awarded costs and attorney's fees "pursuant to the authority set forth in New Mexico State Highway and Transportation Department v. Edward Baca, 120 NM 1

8

(1995) and NMSA 1978 57-12-10C [of the UPA]." Award 3. The cited authority for the award clearly supports the arbitration panel's treatment of attorney's fees not as a legal entitlement, but as a sanction. The Supreme Court of New Mexico held in <u>Baca</u> that courts may award attorney's fees as a sanction to frivolous litigation. <u>State ex rel. N.M. State Highway & Transp. Dep't v. Baca</u>, 896 P.2d 1148, 1151 (N.M. 1995). The UPA incorporates and strengthens this general proposition by mandating the payment of costs and attorney's fees by a party whose complaints of unfair or deceptive trade practices are "groundless." N.M. Stat. Ann. § 57-12-10(C).

Courts derive their power to sanction either from statute or from their inherent power to deter and punish bad-faith conduct, and they may levy sanctions absent parties' request. <u>See</u> <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 50 (1991); <u>see also</u> 5A Charles A. Wright & Arthur R. Miller, <u>Federal Practice & Procedure</u> § 1336 (4th ed. 2018). Here, by bringing its initial claim pursuant to the UPA, the County subjected itself to the possibility of mandatory sanctions pursuant to § 57-12-10(C) if the tribunal found its claims were groundless. It cites no authority beyond the FINRA Rules' broad definition of a "claim" that the award of attorney's fees and costs should have been considered a legal entitlement to be pled, rather than a mandated sanction for frivolous litigation. The failure of BOSC to formally move for or plead attorney's fees thus cannot absolve the County of its fee-shifting obligation. Particularly in light of this court's highly deferential standard of review, neither vacatur nor modification is warranted.

However, an additional award of attorney's fees and costs for this action would be improper. That the arbitration panel impliedly found the County's litigation to be

9

frivolous has no bearing on the merits of the case before this court. The County's petition alleges the arbitration panel committed procedural error; it does not seek to relitigate on the merits, nor does it challenge the ultimate outcome of the arbitration. Because BOSC has not presented any justification for imposing additional attorney's fees, its request is denied.

Furthermore, an award of prejudgment interest calculated at 15% is unmerited. Under New Mexico law, prejudgment interest accrues at a rate of 8.75% per annum, unless "the judgment is based on tortious conduct, bad faith or intentional or willful acts," whereby prejudgment interest accrues at 15%. N.M. Stat. Ann. § 56-8-4(A)(2). Pursuant to Baca, attorney's fees may act as a sanction for "bad faith or vexatious litigation." Baca, 896 P.2d at 1152 (emphasis added). This court cannot agree that a 15% rate is appropriate, as the arbitral award did not articulate a specific finding of bad faith on the part of the County. Accordingly, BOSC is entitled only to the lesser 8.75% prejudgment interest rate.

NOW, THEREFORE, IT IS ORDERED that:

(1) Respondents BOSC, Inc., and Thomas Wayne Hayes's (BOSC) Motion to Confirm Arbitration Award filed October 6, 2017 (ECF No. 5) is granted, with the exception that prejudgment interest will accrue at 8.75%;

(2) BOSC's Request for Reassignment filed October 20, 2017 (ECF No. 10) is denied as moot;

(3) Petitioner Board of County Commissioners of the County of Bernalillo's ("the County") First Amended Petition to Partially Vacate or Modify Arbitration Award of Attorney Fees and Costs to BOSC filed October 6, 2017 (ECF No. 4) and Motion for an Order Partially Vacating or Modifying

an Arbitration Award of Costs and Attorney Fees filed October 27, 2017 (ECF No. 16) are denied; and

(4) The County's Motion Requesting a Hearing and Oral Argument filed December 17, 2018 (ECF No. 30) is denied as moot.

DATED this <u>15th</u> day of March 2019, at Santa Fe, New Mexico.


<u>/s/ Paul Kelly, Jr.</u><br>
United States Circuit Judge<br>
Sitting by Designation

Counsel:

Clinton W. Marrs and Patrick J. Griebel, Marrs Griebel Law, Ltd., Albuquerque, New Mexico, for Petitioner Board of County Commissioners of the County of Bernalillo.

Benjamin E. Thomas and Keith Mier, Sutin, Thayer & Browne, A Professional Corporation, Albuquerque, New Mexico, and Frederic Dorwart, Paul DeMuro, and Jared M. Burden, Frederic Dorwart, Lawyers, PLLC, Tulsa, Oklahoma, for Respondents BOSC, Inc., and Thomas Wayne Hayes.